The next matter, number 24-1571, Amanda Hickman v. Pruco Life Insurance Company. At this time, would counsel for the appellant please introduce himself on the record to begin? May it please the court, my name is Jonathan Feigenbaum. I represent Amanda Hickman. With the court's permission, may I reserve two minutes for rebuttal? You may. Thank you. I'd like to address three facts raised by Pruco Life's framing of the case to remove some mysteries here. The first is that Mrs. Hickman did not receive a premium notice prior to April 19, 2022, which is the date that it was due under the insurance policy. She absolutely denied it in her complaint in paragraph 33, which incorporated the 93A demand letter, which specifically said she did not receive it. The second fact that needs to be clarified because of the framing and the briefing is that Mr. Noyes, the insured, did not file a reinstatement policy with Pruco Life.  Because at the time he had been diagnosed with a terminal illness, ALS. Mrs. Hickman, who is the policy owner, reasonably believed that there was no way that Pruco Life would reinstate coverage, knowing that Mr. Noyes had a terminal illness. And the third and last one is that Mrs. Hickman's case does not hinge on the fact that Pruco Life attached a two-year-old invoice to its answer and said that was the operative agreement that was sent to her. That is only one factor, but that is not the up and down of the case. And I can understand that Pruco Life may have made an inadvertent error in preparing its answer and attaching that invoice. But this cuts two ways here. In the sense that the equities suggest that merely because Mrs. Hickman did not raise every argument that has now been raised in the First Circuit is not a ground to absolutely bar them from consideration under the raise or waive rule. The key issue in the entire case, which was in some sense really decided as if it was a motion for summary judgment and not a judgment on the pleadings, is was the April 19th invoice timely mailed under the Massachusetts statute? The statute, which is 175 section 110B, was passed by the legislature in 1939. There must have been some type of tawdry behavior going on that incentivized the legislature to pass the law. And it's very particular. In order for an insurance company to impose a lapse period or shortened grace period in a life insurance policy, several things have to take place. Otherwise, the statute provides for an automatic three-month grace period, which in this case there is no doubt that Ms. Hickman paid Pruco Life within that three-month period. She sent a check. Counsel. Yes, Your Honor. Thank you for getting to what I think is the nub of the issue, which is the statute. Yes. Okay. So two different issues. The statute says the affidavit that the notice has been duly made is prima facie evidence that it was sent on time. There doesn't seem to be any real dispute that there was such an affidavit that seems to be conceded, and the district court relied on that. The other has to do with the reduction in the time period that is meant to protect the premium payer. So normally one would be a little concerned about dismissal at this stage of a case, except for the statute. The statute specifies that it's prima facie evidence the notice was sent. It's not a matter of whether she received it. It's a matter of whether the company sent it, and you've at no point suggested the company didn't send it. All you've said is she didn't receive it, so maybe the company didn't send it. But the statute says this is prima facie evidence, so you had to come up with something. May I address that, Your Honor? Yes, please. Several reasons. If you look at the Roberts affidavit, it's by an employee of Prudential Life Insurance Company of America. It is not Pruko Life. They are separate entities. That was the first problem. Second, and it may be considered splitting hairs, but it doesn't say that it was sent postage prepaid. It attached an invoice that was also from the Prudential Life Insurance Company of America, which is not Pruko Life. This was put in front of the district court, sort of what I'll call in a backdoor way, by attaching a response to a 93A letter, and the court did not convert the 12C motion under 12D, for example, to a Rule 56 motion, which would have required following local rule procedures, and it would have been appropriate then for Ms. Hickman to proffer further evidence to show that the notice hadn't been sent. The basic attack was that the letter…   Yes? I think what you just said, though, that it was up to the court to convert it. Under our case law, if you were concerned about the accuracy or the sufficiency of the affidavit, you could have responded when there was the motion for the judgment on the pleadings with your own evidence and asked the court to convert it to a motion for summary judgment, and that didn't happen here, and I think our case law is pretty clear that the onus is on the party to take that step, so I'm just wondering if you can respond to that. I will respond. I really didn't think that the court would rely on that affidavit because it was hearsay. It doesn't fit the statute. It's from the wrong insurance company, for starters, and there is zero explanation how Ms. Roberts is able to explain that she is providing a description of the mailing procedure at Pruco Life. The main attack was hearsay. The statute's curious in this sense. It says that the proffering of the declaration or affidavit is prima facie evidence. The statute was passed before the rules of civil procedure were in effect in Massachusetts, and that term to me means that that is sufficient evidence to avoid a directed verdict at a trial. That's what I commonly think of at the time, prima facie evidence means. So anyway, I guess my time has run. Thank you. Thank you. At this time, would counsel for the appellee please introduce himself on the record? He has a 10-minute response. Good morning, Your Honor. May it please the Court, Tony Liu on behalf of Appellee Pruco Life Insurance Company. And to let the Court know, I will get to the issues related to the declaration, but I just wanted to knock out the first two arguments first. That is, this Court can affirm the 93A dismissal without consideration of the affidavit or the 93A response letter. Number two, this Court can affirm the dismissal of the breach of the covenant of good faith claim without considering the 93A response or the affidavit. And third, as this Court's questioning alluded to, this Court can also affirm the dismissal or the denial of the declaratory judgment claim because the Court below properly considered the 93A response along with the affidavit because they were central to Ms. Hickman's claims in the complaint and sufficiently referred to in the complaint. Now, in terms of the 93A claim, this Court is well aware that there must be some allegation of immoral, unethical behavior and whether or not the conduct rises to the level of a 93A violation is a question of law. The Court below found that at bottom, the allegations relate to an alleged failure to send out notices. And this Court can find and affirm as a matter of law that that allegation does not rise to the level of unscrupulous conduct under 93A. Separately, Ms. Hickman does not challenge the fact that the lower court's finding that there was no proximate causation for any injury related to any alleged 93A claim. Because Ms. Hickman does not challenge it on appeal, that issue is waived. That issue can be, I'm sorry, the dismissal of the 93A claim can be affirmed on that basis alone. Number two, and this is in connection with the breach of the covenant of good faith claim, there's no dispute that Ms. Hickman and Prukle were in a contractual relationship. And the breach of covenant of good faith is implied in every contract intended to provide both parties so that they could receive the fruits of the bargain. The complaint concedes, and I don't think there's any dispute, that Ms. Hickman missed the premium payments on the due date of April 19, 2022. The complaint also concedes she missed the due date for the payment during the grace period, which was May, I believe, May 20, 2022. And in addition, Ms. Hickman missed the premium payment for the additional 31-day grace period, which was not required under the policy. And that due date would have placed it June 20, 2022. I believe the allegation is that the check was tendered but returned sometime in July, well after this period. The fact that Prukle provided the additional 31-day period beyond the 31-day grace period, so 60 days beyond the due date for payment, belies any claim that there is any sort of bad faith on the part of Prukle. So even without considering the affidavit or the 93A response, this Court can affirm the dismissal of that claim. Now, as to the issue with the affidavit and the 93A response, Ms. Hickman asked this Court to declare that the policy did not lapse. The 93A response in its entirety, and I think we have to keep in mind that the 93A response is one complete document. And in considering a Rule 12 motion, this Court has been clear since the Bedall decision that the Court has the discretion to consider documents that are central to the plaintiff's claims and were sufficiently referred to in the complaint. The 93A response, along with the affidavit and the notices that were appended to that document, satisfy that criteria. And the Court below properly exercises discretion to find that, and that finding is well supported. I refer the Court to the complaint at paragraphs 22, 41, and 42, that's at Joint Appendix 26 and 29, that the allegations in the complaint were that Prukle failed to provide proof that the mailings were made or the lapse notices were made. The complaint also alleges that Prukle made certain misrepresentations about the COVID-19 emergency. So, therefore, the 93A response and the affidavit, along with the lapse notices, they're all relevant and referred to in the complaint, but they also completely rebut the allegations in the complaint. Now, Ms. Hickman, and this is the heart of the issue, I believe, this panel was getting to earlier, makes multiple arguments to challenge the affidavit only. But this is really a piecemeal challenge that is improper because it's essentially an attempt to hamstrung the Court from reviewing documents that are central to the claim. Now, the first argument that Ms. Hickman makes on appeal is that the affidavit itself is not a written instrument under Rule 10c. That argument was not made below. It is plainly waived. And I do not believe Ms. Hickman has made any argument that merits a deviation from the standard rule that if you fail to make an argument below, it is waived on appeal. And even if the Court were to entertain the written instrument argument, the fact of the matter is Rule 10c is distinct from this Court's tried and true practice of permitting the District Court to review documents that are sufficiently referenced in the complaint and or relied upon in connection with the plaintiff's claims. To hold otherwise would be to elevate the form over substance, which contradicts Rule 1 of the Federal Rules of Civil Procedure for the just, speedy, and inexpensive resolution of the case as well as this Court's decision in Bedell. And our brief on pages 27 and 28 cite multiple cases in which this Court has, I wouldn't say routinely, but has regularly reviewed and or considered affidavits in connection with Rule 12 motions. Counsel, let me ask you, because I think your brother, Counsel, in his argument, actually relied on certain things in the 93A response to make arguments on behalf of his client. So he said, for instance, it's clear from the 93A response that his client denied receiving the notices. So it doesn't seem like there's really any dispute that the 93A response is referenced in the complaint. The plaintiff is relying on it. So it could be considered. But what I understand Counsel to be arguing is that the affidavit had some issues with it and the District Court ended up making really sort of a credibility, a factual determination in a 12C proceeding, and it shouldn't have done that. It should have at least converted to summary judgment given the factual disputes. What's your response to that? As I believe Judge Lynch was the one who pointed out, the statute is about whether or not the insurance company mailed the document. The statute does not contain any language related to whether or not the insured received the document. Now, if the legislature wanted to say that the receipt was a requirement, they would have included that in the language. But the fact that it doesn't exist in there makes a lot of sense because if receipt was the standard upon which the statute would work, then every insured in a lapse case can claim that they did not receive the notice and which would nullify the purpose and the intent of the statute. I hope that answers your question, Your Honor. It definitely points out again how the statute treats the affidavit, but I think I was asking something a little different. I understand the thrust of plaintiff's argument to be that, really, the District Court resolved a factual dispute and that it was just inappropriate to resolve a factual dispute at this point of the case. So that's really what I'm asking you to respond to. And I was going to get to that issue as well, and this is in connection with this Court's decision in DeMail v. Nugent in terms of what the 12C motion practice is supposed to be about. We understand 12C at least implicates some merits of the case. Pruchol filed the Wool 12C motion for judgment on the pleadings. It was then incumbent upon Ms. Hickman to come back with some evidence, any evidence, to convince the District Court at the discretion of the District Court to convert it to a summary judgment motion. None of that evidence was provided, and as a result, the District Court, in its discretion, granted the Wool 12C motion and dismissed it with prejudice, again, which is all within the Court's discretion to do so. I see my time is up.  We'll rest on our breath. Thank you, Your Honors. Thank you, Counsel. At this time, would Attorney Feigenbaum reintroduce himself on the record? He has a two-minute rebuttal. Thank you. Jonathan Feigenbaum for Amanda Hickman again. I want to address two things that my colleague raised during the argument. One, make no mistake about it. The full premium was paid by July 19, 2022. So unless there was complete compliance with Section 110B, Ms. Hickman paid the policy within the three-month period. Now Prudential sent the check back. That point is conceded with a letter later and said, we're not taking it without a reinstatement app. But Prudential's position is all dependent on that it followed Section 110B accurately. And without a doubt, there still is no explanation how the Roberts Affidavit for a Prudential employee somehow is being made on behalf of a separate insurance company. Merely because Prudential Life, admittedly, is a subsidiary of Prudential, it doesn't make it all one and the same. The parent company, which is probably a Delaware holding company, Prudential Financial owns a ton of insurance companies. Prudential Life was complete and the complaint is regulated in Arizona. Prudential, I will almost guarantee, I don't know off the top of my head, but is probably regulated in New Jersey. In any event, the district court made a factual finding and Ms. Hickman objected below, principally saying the affidavit, if you're going to look at it, it's hearsay. Why is it hearsay? Because it doesn't fall under the business record exception. Given the circumstances, without some kind of full-blown, not even full-blown, depositions of Prudential Life, there was no way at that point to realistically challenge whether the mailing procedure of Prudential Life had ever been followed. Thank you. Thank you. Thank you. That concludes argument in this case.